HESS, Aud. v. GLORIUS.

Ohio Appeals, 1st Dist., Hamilton Co.

No. 3153. Decided Feb. 27, 1928.

**First Publication of This Opinion.**

Syllabus by Editorial Staff.

**661. INTOXICATING LIQUOR.**
Sale, of one gallon of wine, held not to constitute "engaging in the business of trafficking in intoxicating liquors."

Appeal from Common Pleas.
Judgment affirmed.
Chas. P. Taft, Pros. Atty., and Augustus Beall, Asst. Pros. Atty., Cincinnati, for Hess.
Clifford Brown and Max M. Shiff, Cincinnati, for Glorius.

**FULL TEXT.**
PER CURIAM.
Plaintiff, in the trial court, brought an action to enjoin the Auditor of Hamilton County from placing an assessment against the property which he occupied of $1000.00 with 20% penalty, charging that he was engaged in the business of trafficking in spirituous, vinous, malt, or other intoxicating liquors.

Issue was made, and the Court of Common Pleas, on the record, granted a permanent injunction against the Auditor from placing the assessment against the property and the Treasurer of Hamilton County from collecting it.

The record is, that the property in question was occupied by Clarence Glorius as a private residence; that no business of any character was conducted thereon; that on the rear of the

property were grape arbors; and that in the year 1924 grapes were grown, part of them were sold, and about five gallons of grape juice were pressed. The record discloses that about three months prior to November 20, 1924, a man by the name of Hancock inquired as to whether or not Glorious had any grape juice. About a month after his inquiry, and two months before said date, he sold to Hancock one gallon of grape juice. On the date last above mentioned, he was arrested by officers of the liquor court of the Village of Newtown, charging him with having sold a gallon of wine. He entered a plea of "not guilty," and, afterwards, changed it to a plea of "guilty," and paid his fine.

The State did not introduce any evidence.

The trial court found that Glorius was not guilty of engaging in the business of trafficking in intoxicating liquors. Our conclusion is that the judgment of the trial court is not manifestly against the weight of the evidence, and it is affirmed.

(Hamilton, PJ., Mills and Cushing, JJ., concur.)